

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Game, Fish & Oyster Commission
Austin, Texas

Gentlemen:        Attention: Mr. H. D. Dodgen

        Opinion No. O-2863
        Re: Use of State printed matter or
            copies thereof for advertising
            purposes.

        This will acknowledge receipt of your letter of October 26, 1940, requesting the opinion of this department upon the following questions:

        "1. Is it lawful for an individual, firm or corporation to have printed on any literature or pamphlets, published by the state and paid for by state funds, any advertisement, slogan or other message tending to attract attention to private business?

        "2. Is it lawful for a printer, doing state contract printing, to use the type set up prepared for doing such printing in furnishing private business with copies of the material being printed for the state?"

        We understand from discussing the matter with your representatives that the Game, Fish & Oyster Commission causes to be printed and published for the benefit of hunters and fishermen the pertinent game and fish laws of the State; and that there are some individuals or companies who because of the nature of their business come in contact with many hunters and fishermen. These companies or individuals desire to obtain large quantities of these pamphlet laws and distribute them to hunters and fishermen as an advertising media with the name of their business printed thereon. It is their plan to accomplish this result by either one of two ways: By obtaining a large quantity paid for out of State funds from the Game, Fish & Oyster Commission, or, by entering into a contract with the printer doing State contract printing for the printing of additional pamphlets using the same type set

Game, Fish & Oyster Commission, Page 2


up for State work.

We shall answer your questions in reverse order, passing first upon the second one.

Articles 108a, 108b, 108c and 108d of the Penal Code read as follows:

"Art. 108a. Except under contract or agreement with the State as hereinafter provided authorizing them so to do, it shall be unlawful for any person, firm, corporation or association of persons doing any printing, under contract, for the State of Texas, to reproduce, print or prepare or to sell or furnish any such printing or printed matter or any reprint, reproduction or copy of same, or plate, type, mat, cut or engraving from which such printing contract was executed, except the amount and number of copies contracted to be printed and furnished to the State of Texas under such contract."

"Art. 108b. Any printing done under contract for any department, the legislature or either branch thereof, any board, commission, court, officer or agent of the State of Texas, as well as any such work done directly for the State, shall for the purposes of this Act be deemed to have been done for the State of Texas."

"Art. 108c. Provided that with the consent of the State Board of Control and the Governor, any such person, firm, corporation or association may print extra copies and sell same at a price fixed by the State Board of Control, whenever in the opinion of the Board of Control and the Governor the printed matter should be distributed in such manner for the benefit of the public. Provided that any such contract for the printing and sale of such extra copies shall be approved by the Attorney General."

"Art. 108d. Any person, firm, corporation or association of persons violating any provision of this Act shall be guilty of a misdemeanor and upon conviction shall be punished by fine of not less than one hundred dollars nor

Game, Fish & Oyster Commission, Page 3

more than one thousand dollars, and in the event the violation is by unnatural person or the agent or employee of a person, corporation, firm or association the punishment may be by jail sentence not to exceed thirty days in addition to such fine. The conviction of an agent or employee shall not bar conviction of the principal also."

It is clear from reading these statutes that no contract may be entered into by anyone with a printer doing State contract printing to reproduce, print, prepare, sell or furnish extra copies or reprints of State work unless the consent of the State Board of Control and the Governor is obtained; and such contracts for the printing and sale of extra copies must be approved by the Attorney General. In the absence of such consent and such approval we must answer your second question in the negative.

Your first question is concerned with whether or not the Commission may distribute game and fish pamphlet laws in quantity lots to individuals and companies who may desire to use them for advertising purposes. Herein lies a question of policy lying wholly within the administrative discretion of the Game, Fish & Oyster Commission. While we might point to the provisions of Articles 108a, 108b, 108c, and 108d of the Penal Code as suggesting the policy to pursue, it is the opinion of this department and you are advised that the law does not prohibit the Game, Fish & Oyster Commission from distributing pamphlet laws in quantity lots to companies or individuals, which companies or individuals have manifested an intention to place advertising matter thereon before redistribution to the general public.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By _James D. Smullen_
James D. Smullen
Assistant

JDS:LM

APPROVED JAN 4, 1941

_Gerald C. Mann_

ATTORNEY GENERAL OF TEXAS